REVERSED AND REMANDED.

JAMES CUNNINGHAM v. THE INTERNATIONAL RAILROAD CO.

1. RAILROAD COMPANY—DAMAGES.—A railroad company is not liable for damages resulting from the negligent management of one of its trains used and controlled by construction contractors, for construction purposes, on a portion of its road built under the construction contract and not yet turned over to the railroad company.
2. RAILROAD COMPANY—DAMAGES.—The liability of a railroad company for damages resulting from the negligent management of a train, should be commensurate only with the extent of its right to control.
3. CONTRACTOR.—The true test by which to determine whether one who renders service for another does so as a contractor or not, is to ascertain whether he renders the service in the course of an independent occupation, in which he represents the will of his employer only as to the result of the work, and not as to the means by which it is accomplished.
4. RAILROAD COMPANY.—The principle that the railroad company cannot delegate to an employé its chartered rights and privileges so as to exempt it from liability, does not extend to the use of the ordinary ways and means for the construction of the road, but to the use of such extraordinary powers only as the company itself could not exercise without having first complied with the conditions of the legislative grant of authority.

APPEAL from Robertson. Tried below before the Hon. D. M. Prendergast.

Suit was instituted by the appellant, James Cunningham, against the International Railroad Company, to recover damages for personal injury alleged to have been received in November, 1872, while a passenger on the defendant's line of railway, between Reynolds and Troupe.

To this action defendant set up, as a special defense, that the section of road upon which the accident is alleged to have occurred and the train on which the alleged injuries were received were then in the exclusive possession and control of Douglas, Brown, Reynolds & Co., persons who had contracted with the defendant to construct that portion of the road, and that the train upon which plaintiff was hurt was at the time being operated for the sole benefit of such contractors and by their agents, servants, and employés, and not by the servants, agents, or employés of the International Railroad Company; and further, that said portion of railroad was not then open for the transportation of passengers, and defendant did not receive the plaintiff, nor authorize him to be received, as a passenger on the construction train.

The court instructed the jury as follows:

" That if the proof shows that the International Railroad Company contracted with Douglas, Brown, Reynolds & Co. for the construction of that portion of its road on which plaintiff was injured, and this portion of the road was then in possession and control of said contractors, and had not been turned over to or received by the company or opened for the transportation of passengers; and if the proof further shows that if the train on which the plaintiff was riding at the time the accident occurred in which he was injured was controlled alone by said contractors and used by them for the purposes of construction, and was run and managed by their servants, agents, or employés, or persons subject to their control or direction, then the defendant would not be liable to plaintiff for damages for any injuries he may have received. The fact that the train was the property of the company will not render it liable, if the proof shows that at the time the

accident occurred it was in the exclusive control of the contractors, and was run and managed by them, their servants, agents, or employés. Nor would the fact that passengers were actually carried on the train and paid their fare make the company liable, unless it also appears that this was done by the permission of the company. In determining this question, you will be controlled alone by the preceding instructions and the evidence before you, and will not permit your sympathies and prejudices to have any influence."

The evidence showed that Douglas, Brown, Reynolds & Co., by contract, had the right to run a construction train on the line of appellee's road, and were not limited to that portion not at that time turned over to appellee; that the contractors required the use of the road for construction purposes, and that they " used the road for the purpose of transporting material used in construction, being cheaper transportation than by wagon "; " that the chief engineer of the road had notified Douglas, Brown, Reynolds & Co., at a date prior to November, 1872, in writing, that carrying passengers and freight upon the trains under their control was contrary to their contract and should not be done, and any of their agents so doing would not be permitted to remain in their employ. Verbal instructions were also given them, at various times, to the effect that nothing but materials and supplies necessary for construction should be carried on trains under their control." The portion of the road on which the injury occurred was, at the time, under the control of the contractors, as was also the train and employés managing it, the road not having been turned over to the company. The appellant was on a car loaded with cross-ties when he was injured. His injuries consisted of having his hand crippled for life, serious bruises, &c. Verdict and judgment for the company.

*Hamman*, for appellant.

I. Appellee, in the absence of special statute authority and exemption, could not divest itself of responsibility for the torts

of persons operating its road, by transferring its corporate powers to other persons or by leasing its road to them. (York and Maryland Line Railroad Co. v. Winans, 17 How., 30; Nelson v. Railroad Co., 26 Vt., 717; Chicago and Rock Island Railroad Co. v. Whipple, 22 Ill., 108; 1 Redfield Laws of Railways, pp. 590, 593, 705, 708.)

II. Appellee and Douglas, Brown, Reynolds & Co., in the use of the track or portion of the road which was completed though not turned over, as well as the portion they had constructed and had turned over, and in running their train which was used in transporting material for construction purposes and supplies, did not sustain the relation of contractors and contractee. Appellee retained control of the construction train, and did control it. (Houston and Texas Central Railroad Co. v. Moore, 49 Tex., 31; Carman v. S. & I. R. R. Co., 4 Ohio St., 414; Am. Lead. Cas., p. 649; 1 Pars. on Cont., pp. 101–103.)

III. When parties exercise by contract some chartered right or power of the company which they could not exercise independently of such charter, the company that has the charter must be held liable for all the injury which a third party sustains, whether between the company and the party exercising the chartered privileges the relation of master and servant, or contractor and contractee, as technically understood and defined, exists. (O. and M. R. R. Co. v. Dunbar, 20 Ill., 623; Railroad Co. v. McCarthy, 20 Ill., 385; Illinois Central Railroad Co. v. Finnigan, 21 Ill., 646; T. P. & W. R. R. Co. v. Runbold, 40 Ill., 143; Clark v. Corporation of Washington City, 12 Wheat., 54, 55, 59; Vermont Central Railroad Co. v. Baxton, 22 Vt., 365; 14 Ill., 85; 15 Ill., 72.)

IV. When carriers undertake to carry passengers by the powerful and dangerous agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. Nor is the liability any less because it was a construction or a freight train. (Houston and Texas Central

Railroad Co. *v.* Moore, 49 Tex., 31; Steamboat New World *v.* King, 16 How., 469; Philadelphia and Reading Railroad Co. *v.* Derby, 14 How., 486; March *v.* Concord Railroad Co., 9 Foster, 9; N. & C. R. R. Co. *v.* Messino, 1 Sneed, (Tenn.,) 220.)

V. It is not competent for a court to strip the jury of the noblest attribute of their nature—sympathy—as was done by the following instruction, viz.: "In determining this question, you will be controlled alone by the preceding instructions and the evidence before you, and will not permit your sympathies and prejudices to have any influence."

*Davis & Beall,* for appellee.—The general proposition of law is well settled, that railway companies are not liable for the tortious acts of contractors or contractors' servants, and we can see nothing in the case at bar to take it out of the operation of the general principle. (Redfield Laws of Railways, p. 503, sec. 129, *et seq.;* Reedie *v.* London and Northwestern Railway Co., 6 Rail. Cas., 184; Hobbitt *v.* London and Northwestern Railway Co., 6 Rail. Cas., 188; Steel *v.* Southeastern Railway Co., 16 C. B., 550; Hutchinson *v.* York and Newcastle Railway Co., 5 Exch., 343; Quarman *v.* Burnett, 6 M. & W., 499; Painter *v.* Pittsburg, 46 Penn., 213; Blake *v.* Ferris, 5 N. Y., 48; 24 Barb., 355; 22 Ver., 170; 3 Gray, 349; 8 Gray, 147; 41 Ill., 106; 2 Neb., 320; 1 Ala., 366; 1 Allen, 9.)

The cases cited by appellant in which persons contracting to have work done have been held liable for negligence in the manner of doing it, or for the tortious acts of those employed about the work, will, if closely examined, be found to be cases in which the contract, in terms, created only the ordinary hiring for service, or the party who let the work retained and exercised the control and direction of the employés by whom the manual labor was done, or personally participated in the wrong complained of; and these cases do not infringe upon the rule, that the relation of master and

servant must really and substantially exist. The cases on this subject are collected in the American note to Holliday v. St. Leonards Co., 11 C. B., (N. S.,) 209, and in a note to the case of Painter v. Pittsburg, 3 Am. Law Reg., (N. S.,) 358; Blake v. Ferrie, 5 N. Y., 54; McGuire v. Grant, 1 Dutcher, 371; Brown v. Accrington Cotton Co., 3 H. & C., 511, 519; Pack v. Mayor of New York City, 4 Seld., 222; Kelley v. Mayor of New York City, 8 N. Y., 432.)

If it be conceded that the use of the cars of the railroad company was the exercise of a chartered right, still it would not affect the question of the appellee's liability in the suit. It was not the office of the charter to create obligations or duties on the part of the company to third persons while constructing its railroad. The obligation, if any, lies in the contract between the parties to it. No stranger can maintain an action on the contract. It does not create the relation of master and servant, nor raise a duty by implication the non-performance of which will give to third persons a right of action. The mere fact of exercising chartered privileges alone will not fix the liability.

The same principle was distinctly recognized in the cases of Williams v. Jones, 3 H. & C., 256; Parkins v. Scott, 1 H. & C., 153; Ellis v. Sheffield Gas Consumers' Co., 2 E. & B., 767; Hole v. S. & S. Railway Co., 6 H. & N., 488; Storrs v. City of Utica, 17 N. Y., 104; Scammon v. City of Chicago, 25 Ill., 424.)

Tested by the principles of the above cases, it is obvious that the injury received, for which suit is brought, is too far removed from the act of the company to impose a liability for it upon the company.

It did not result naturally or proximately from permitting the use of its cars in transporting men and materials in the construction of the road, but was caused directly by the unauthorized act of the employés of the contractors in transporting persons upon its said line of road before it was completed and turned over to the company. The injury did not

result from any use of the cars of the company sanctioned by the contract, or which had its approbation and consent. The company's consent was to the use of its cars for the limited and specified purpose of transporting men and materials in the necessary work of construction of the road, in which operation those employed in the running of said cars would be necessarily under the immediate supervision and control of the contractors; and the contractors, and not the railroad company, would be responsible for their wrongful acts while so engaged. (Ashley *v.* Harrison, 1 Esp., 48; Fitzsimons *v.* Inglis, 5 Taunt., 534; Daniels *v.* Potter, 4 C. & P., 262.)

And by our own court, in the case of Hale *v.* Dutant, 39 Tex., 669, it was held, that the owners of a ferry franchise were not liable for injuries received while the ferry was under the control and management of lessees. In the case quoted, the counsel relied for recovery solely upon the ownership of the ferry by the defendants, but the court asserted that the doctrine was not sustained by the authorities, and that the maxim *respondeat superior* did not apply.

BONNER, ASSOCIATE JUSTICE.—The principal question underlying this case, and which arises upon the judgment overruling the demurrer of the plaintiff to the answer of defendant and upon the charge of the court to the jury, may be briefly stated as follows:

Is the defendant-company liable in damages for the act of Douglas, Brown, Reynolds & Co., independent construction contractors, for an alleged negligent management of one of defendant's trains, used and controlled by Douglas, Brown, Reynolds & Co., for construction purposes, upon that part of the road not completed and delivered to defendant?

There is a marked distinction between the liability of the master for the acts of an ordinary servant in the usual scope of his duties as such, and that of an employer for the acts of an independent contractor.

This distinction rests upon the reasonable principle that, in

a proper case, the liability of the master should be commensurate with the extent only of his right to control. (Blackwell *v.* Wiswall, 24 Barb., 355; Steel *v.* Railroad Co., 81 Eng. Com. Law, 550; Callahan *v.* Railroad Co., 23 Iowa, 562; 1 Minor's Inst. Com. and Stat. Law, 236, and the following authorities therein cited: 1 Pars. on Cont., 89, *et seq.;* Quarman *v.* Burnett, 6 M. & W., 499; Rapson *v.* Cubitt, 9 M. & W., 710; Milligan *v.* Wedge, 12 Ad. & El., (40 Eng. Com. Law,) 737; Reedie *v.* Railway Co., 4 Exch., 244; Knight *v.* Fox, 5 Exch., 721; Overton *v.* Freeman, 11 Com. B., (73 Eng. Com. Law,) 867; Chicago *v.* Robbins, 2 Black, 418, 428; Robbins *v.* Chicago, 4 Wall., 657, 679; Water Co. *v.* Ware, 16 Wall., 566; Ellis *v.* Sheffield Gas Co., 2 El. & Bl., (75 Eng. Com. Law,) 767; Newton *v.* Ellis, 5 El. & Bl., (85 Eng. Com. Law,) 124; Hole *v.* Railway Co., 6 H. & N., 497; Railroad Co. *v.* Sanger, 15 Grat., 241, 242.)

In the first relation, that of master and servant, the master has the right to direct the conduct of the servant and the mode and manner of doing the work, and hence his corresponding liability for an improper execution of the same. (Wood on Master and Servant, sec. 281.)

"He is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents not merely in the ultimate result of the work, but in all its details." (Shear. & Red. on Neg., sec. 73.)

In the second relation, that of employer and independent contractor, there is no such control and direction by the employer over the servant in the details of the work.

"The true test   *   *   *   by which to determine whether one who renders service to another does so as a contractor or not, is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of the work, and not as to the means by which it is accomplished." (Shear. & Red. on Neg., secs. 76–79; 1 Red. on Railways, 505; Pack *v.* Mayor of City of New York, 4 Seld., 222.)

It is now the well-established doctrine in Europe and the generally prevailing rule in this country, that the ordinary relation of principal and agent and master and servant does not subsist in the case of an independent employé or contractor who is not under the immediate direction of the employer.

The leading case of Bush v. Steinman, 1 Bos. & P., 404, upon which is based the cases in England and in those States of the Union which hold the doctrine that the employer is liable for the acts of an independent contractor, has been shown by subsequent decisions not to be founded upon principle, and has been overruled by the great weight of authority. (Shear. & Red. on Neg., secs. 79, 82, and authorities cited; Hilliard v. Richardson, 3 Gray, 349, where, in an elaborate opinion, the leading authorities on this subject are collected and reviewed; Chicago v. Robbins, 2 Black, 418, 428.)

The subsequent and, in our opinion, better-considered decisions than that of Bush v. Steinman now follow the leading cases of Reedie v. London and Northwestern Railway Co., 4 Exch., 244, to the effect that such employer is not thus liable for the acts of an independent contractor. (1 Red. on Railways, ch. 20; Pierce on Amer. Railroad Law, 235, and authorities cited; Hilliard v. Richardson, 3 Gray, 349; Railroad Co. v. Van Bayless, Tex. Ct. of App., in manuscript.)

In the case of Railroad Co. v. Meador, 50 Tex., 87, this court, in commenting upon the above case of Railroad Co. v. Van Bayless, and which in principle was the same as the one now before the court, says:

"The charge asked embraced a general principle which has been recognized by the Court of Appeals in a well considered opinion reviewing the authorities. The correctness of the opinion reached in that case is not doubted. Whilst the road was being constructed by independent contractors, a construction train ran over and killed a mule belonging to Van Bayless, and it was held, that the railroad company was not liable. There was no duty to Van Bayless devolving upon

and neglected by the railroad; nor was any trespass on him or his rights incident to the proper performance of the contract."

That Douglas, Brown, Reynolds & Co. may have used, as a means to assist in carrying out their contract to construct the road, a train belonging to the defendant-company, and operated by servants primarily employed by it, would not, of itself, make the company liable for their acts, unless it had the immediate control and management of the train.

To hold otherwise would virtually forbid parties to construct works of improvement, or perform many other acts, except by their own servants, unless at great peril for liability for actions of others over whom they have no immediate control. (Hale *v.* Dutant, 39 Tex., 669, and the following authorities cited: Blackwell *v.* Wiswall, 24 Barb., 356, and 26 Barb., 618; Felton *v.* Deall, 22 Vt., 173; Blake *v.* Ferris, 1 Selden, 51; Murch *v.* Railroad Co., 9 Foster, (N. H.,) 32; Fiske *v.* Framingham Man. Co., 14 Pick., 493; Blattenberger *v.* Schuylkill, 2 Miles, (Penn.,) 313; Peachey *v.* Rowland, 76 Eng. Com. Law, 181.)

In this case the evidence shows that the defendant used commendable diligence, more perhaps than the strict letter of the law might have required, to prevent the carriage of passengers on the construction trains, and it reasonably appears that this was known to the plaintiff. His act in riding upon the train against the express wishes of the company, and before the road had been received and transportation of passengers invited or allowed or the sale of tickets permitted, could not in law have constituted a contract upon the part of the company with him, and would, under the circumstances, have constituted such contributory negligence on the part of the plaintiff as should prevent his recovery against the defendant for a tort, unless willfully or wantonly committed, even had a right of action existed. (Robertson *v.* Railroad Co., 22 Barb., 91; Railroad Co. *v.* Montgomery, 7 Ind., 474; Shear. & Red. on Neg., sec. 264.)

The principle that a railroad company cannot delegate to an employé its chartered rights and privileges so as to exempt it from liability, does not extend to the use of the ordinary ways and means for the construction of the road, but to the use of such extraordinary powers only as the company itself could not exercise without having first complied with the conditions of the legislative grant of authority.

Thus, after having first procured the right of way, the company can delegate to another lawful authority to enter upon the same and make its road-bed and perform other proper acts of construction; but it cannot delegate such lawful authority without having first secured the right of way by donation, purchase, or the exercise of the right of eminent domain. (Meador *v.* Railroad Co., *supra;* Pierce on Amer. Railroad Law, 239, 240, and note.)

There being no error apparent of record, the judgment of the court below is affirmed.

AFFIRMED.