## T. & P. R. R. Co. v. R. G. LANHAM.

(No. 2278, R. Book No. 4, p. 211.)

May 3, 1882.                    Reversed and remanded.

---

## GULF, COL. & ST. FE R. R. Co. v. A. J. FLAKE.

(No. 2444, R. Book No. 4, p. 217.)

APPEAL from Bell County.   Opinion by WILLSON, J.

§ 253. *Continuance with reference to service of citation.*   In determining the correctness of the ruling of the trial court upon an application for a continuance otherwise apparently good upon its face, the question of diligence, where the subpœna has not been executed, would depend very much upon the time when defendant was cited, with reference to the date of the issuance of his subpœna for the absent witness; and the date of the service of citation should be shown in order to enable this court to determine this question satisfactorily.

§ 254. *Railroad company; liability of, for damages occasioned by a contractor whilst constructing the road.* The doctrine is settled that the relation of principal and agent and master and servant does not subsist in the case of an independent employee or contractor, who is not under the immediate direction of the employer, and that

the railroad company is not therefore liable for injuries occasioned by them. [Cunningham v. I. & G. N. R. R. Co. 51 Tex. 503; H. & T. C. R. R. Co. v. Van Bayless (Court of Appeals), *post*, p. 247.] But under the law, a railroad company, in the construction of its line of road through the inclosed lands of persons, owes to the owners of such lands a legal duty to protect such lands from injury. It cannot be doubted that the duty of placing stock guards, preserving or supplying the fences, so far at least as on the right of way, *and protecting the inclosure from injury in the construction of the road,* is a duty to the proprietor from the railroad, annexed by statute to the privilege granted the corporation, and that the failure to perform that duty is unexcused, though its nonperformance may have resulted from the negligence of a contractor. The principle that a duty to the public or to an individual cannot be devolved on a contractor has been enforced in numerous cases. [H. & G. N. R. R. Co. v. Meador, 50 Tex. 77.]

November 1, 1882.                 Affirmed.