KIRBY LUMBER CO. v. McGILBERRY
et al. (No. 347.)

(Court of Civil Appeals of Texas. Beaumont.
July 11, 1918. Rehearing Denied
Oct. 16, 1918.)

1. MASTER AND SERVANT ☞367—WORKMEN'S
COMPENSATION ACTS—RELATION OF PARTIES
—"EMPLOYÉ."

Where contract provided that buyer of tim-
ber should reimburse seller for wages paid
scalers, not to exceed $50 per month each, a
scaler employed by, and who worked under
direction of, seller, at a salary of $70 a month,
was not an employé of buyer, within Workmen's
Compensation Act, arts. 5246h, 5246yyy.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Em-
ployé.]

2. NEGLIGENCE ☞88—CONTRIBUTORY NEGLI-
GENCE—SLEEPING.

A person who was injured through lumber
company employés' negligence in felling a tree,
and who was not an employé of the company,
cannot recover damages from company where
his own negligence in lying down and going to
sleep near the tree contributed to injury.

Appeal from District Court, Harris Coun-
ty; J. D. Harvey, Judge.

Action by Valeria McGilberry and others
against Kirby Lumber Company. Judgment
for plaintiffs, and defendant appeals. Re-
versed and rendered.

Andrews, Streetman, Burns & Logue and
W. L. Cook, all of Houston, for appellant.
Hutcheson & Bryan, of Houston, for appel-
lees.

HIGHTOWER, C. J. This was a suit by
the surviving wife and children of one San-
ford McGilberry, deceased, as plaintiffs, to
recover damages against the Kirby Lumber
Company, said plaintiffs contending that the
death of Sanford McGilberry was caused by
negligence on the part of the servants and
agents of said Kirby Lumber Company. The
cause was tried with a jury in the court be-
low, and was submitted upon special issues,
all of which were answered by the jury, and
upon the verdict so returned the trial court
entered judgment in favor of plaintiffs in the
sum of $7,495, with interest thereon at the
legal rate from the date of the judgment.

When the verdict was returned the defend-
ant, Kirby Lumber Company, filed a motion
praying the court to enter judgment in its
favor upon the verdict of the jury, which
motion was overruled, and to this action of
the court said defendant duly excepted.

After the motion for judgment was over-
ruled, and after judgment was entered in fa-
vor of plaintiffs, as before stated, defendant
filed a motion for a new trial, which was also
overruled and exception duly taken, and the
cause has been properly brought here, by ap-
peal on the part of the Kirby Lumber Compa-
ny, for review.

In the amended original petition of the
appellees, and upon which the case proceed-
ed to trial, it was alleged, substantially, that
Sanford McGilberry met his death as the re-
sult of a tree being felled upon him by em-
ployés of appellant, Kirby Lumber Company.
It was alleged that McGilberry, at the time of
his death, was an employé connected with
logging operations being carried on by appel-
lant in the vicinity where the accident occur-
red; that by virtue of certain contractual re-
lations between the Kirby Lumber Company,
appellant, and the Houston Oil Company of
Texas, McGilberry was constituted an em-
ployé of the Kirby Lumber Company in the
work he was doing, which was scaling logs or
timber; but, in the alternative, that, if Mc-
Gilberry was not in fact an employé of the
Kirby Lumber Company, nevertheless he was
entitled to that degree of care which would
be owing to an employé of said Kirby Lumber
Company by reason of the character of the
work he was doing. It was alleged, substan-
tially, that a short time prior to the noon
hour on the day he was injured McGilberry
went to a point near a red heart log, which
he expected later to be called upon to scale,
and that shortly thereafter he lay down and
went to sleep, and that while he was asleep
certain employés of the Kirby Lumber Com-
pany, known as sawyers, negligently felled a
tree upon him, which caused his death. The
specific grounds of negligence alleged on the
part of said Kirby Lumber Company sawyers
were as follows: (a) In carelessly and negli-
gently permitting the tree which they were
sawing to fall upon McGilberry; (b) in per-
mitting McGilberry to remain in the position
he was while the tree was being felled, and in
felling the tree while he was in that position;
(c) negligence in failing to give a warning
shout or signal before the tree was felled in
order to give McGilberry time to escape; (d)
negligence in failing to inspect the radius of
the tree about to be felled with special refer-
ence to the direction in which it was being
bedded to fall, in order to determine whether
or not any person might be in danger. The
plaintiffs laid their damages in the sum of
$15,000, and prayed for recovery in that
amount.

Appellant, Kirby Lumber Company, an-
swered by general demurrer, special excep-
tions, general denial, and also by a special
plea of contributory negligence on the part of
Sanford McGilberry in lying down and going
to sleep where he was at the time he was
struck and killed by the falling tree.

By a supplemental petition appellees alleg-
ed that the Kirby Lumber Company was not
a subscriber under the Texas Workmen's
Compensation Act (Vernon's Sayles' Ann. Civ.
St. 1914, arts. 5246h–5246zzzz), and that, be-
cause of the relation of McGilberry to the
work being done, plaintiffs were entitled to
the benefits of said statute, which, among
other things, abolishes contributory negli-

gence as a complete defense in bar in cases covered by its provisions.

The jury found, in answer to one of the special issues submitted, that the sawyers, who were servants of the Kirby Lumber Company, and who felled the tree which killed McGilberry, were guilty of negligence, in that they failed to inspect the radius of the tree which was about to be felled by them, and before it was felled, with special reference to the direction in which it was being bedded to fall, in order to determine whether or not any person might be in danger of being struck and injured by such tree, and also, further, that this negligence was a proximate cause of the death of said McGilberry. The jury also found, however, that said servants of the Kirby Lumber Company did give the usual and customary warning or signal before said tree was felled, and that such warning or signal was given in time, had it been heeded, to permit McGilberry to escape. The jury also found, affirmatively, in answer to a properly submitted special issue, that McGilberry was guilty of contributory negligence in lying down and being asleep where he was at the time he was killed.

Appellant, Kirby Lumber Company, in its brief presents a number of assignments of error, and these assignments together raise three principal questions. The first assignment has reference to the refusal of the trial court to enter judgment in favor of appellant upon its motion therefor; and the second assignment challenges the action of the trial court in refusing to peremptorily instruct the jury to return a verdict in favor of appellant; and the third assignment complains of the refusal of the trial court to admit in evidence testimony of certain witnesses tendered by appellant for the purpose of showing that McGilberry was an employé of the Houston Oil Company of Texas at the time of his death, and was not an employé of appellant, Kirby Lumber Company.

Now, if appellant's first assignment of error, complaining of the action of the trial court in refusing to enter judgment in favor of appellant upon the jury's verdict, should be sustained, then a consideration of any of the other assignments would be uncalled and unnecessary. It is without dispute in the record that Sanford McGilberry was what is known in sawmill parlance as a log scaler or timber scaler, and at the time of his death was engaged in that occupation, and was scaling logs which were being cut under a contract between the Houston Oil Company of Texas and the Kirby Lumber Company. The Houston Oil Company of Texas was the seller of the timber being so scaled, and the Kirby Lumber Company was the purchaser thereof. The written contract between the Houston Oil Company of Texas and appellant, Kirby Lumber Company, was introduced in evidence on the trial below, and is fully shown in the record before us; but, after a

careful inspection and consideration of this contract, we conclude that paragraphs 3 and 5 thereof are the only provisions in the contract that could possibly have any reference to the material question under this assignment, which question is this: Was Sanford McGilberry, at the time he was injured and killed, an employé of the Kirby Lumber Company? Paragraph 3 of said contract reads as follows:

"Said timber shall be scaled when loaded on the cars of the party of the second part (Kirby Lumber Company) or at the skidways in the woods, or at the mills, or elsewhere, as directed by the party of the first part (Houston Oil Company of Texas), and said party of the first part (Houston Oil Company of Texas) may appoint such scalers as it may deem requisite, whose duty it shall be to scale and measure such timber. The party of the second part (Kirby Lumber Company) shall reimburse the party of the first part (Houston Oil Company of Texas) for the wages of such scalers, not to exceed fifty dollars ($50.00) per month each. Monthly reports shall be made in duplicate by such scalers to the parties hereto and settlements hereunder shall be made and based thereon."

The fifth paragraph reads as follows:

"Said timber shall be cut in a careful and prudent way, and the trees felled shall be so felled as to preserve the young timber and avoid abuse and injury to such young timber and saplings, and no trees under twelve (12) inches in diameter shall be cut from said lands for timber skids or other purposes."

There is no brief on file in this court for the appellees, but the case was orally argued by counsel for appellees, and at the argument we gathered that it was the contention of counsel for appellees that the provisions of the written contract just above quoted, and especially paragraph 3 thereof, had the effect to constitute and make Sanford McGilberry an employé of the Kirby Lumber Company, mainly for the reason that it was provided in paragraph 3, as above quoted, that the Houston Oil Company of Texas was to be reimbursed by the Kirby Lumber Company, not to exceed $50 each per month, for wages paid by the Houston Oil Company of Texas to its log scalers. In other words, it seemed to be the contention of counsel for appellees that, because of the provisions in said paragraph 3 of the contract, the Kirby Lumber Company bound itself to reimburse the Houston Oil Company of Texas in a sum not to exceed $50 per month for each log scaler employed by the Houston Oil Company, that such provision of itself had the effect to make Sanford McGilberry an employé of the Kirby Lumber Company, and that the said McGilberry was an employé of the Kirby Lumber Company, as defined by the Texas Workmen's Compensation Act, which was in force at the time McGilberry met his death.

According to the undisputed evidence introduced on the trial below, Sanford McGilberry had been selected and employed by the Houston Oil Company of Texas to scale timber sold by said company to the Kirby Lumber Company, and the Houston Oil Company, in consideration for his services in that ca-

pacity, regularly paid to McGilberry $70 per month, and his name was carried upon the pay roll of the Houston Oil Company of Texas as its employé in the capacity of log scaler. It was also shown, without dispute in the record, that the Kirby Lumber Company had nothing to do with the selection or employment of Sanford McGilberry, and that the Kirby Lumber Company had or exercised no control or direction whatever over said McGilberry in the discharge of his duties as log scaler for the Houston Oil Company, and had no right to direct or control him in the discharge of his duties as such scaler, and had no right to discharge him; but, on the contrary, it was affirmatively shown that the Houston Oil Company of Texas alone selected and employed the said McGilberry, and that he was under the direction and control of the Houston Oil Company of Texas in the discharge of his duties as log scaler, and that said company alone had the right to discharge him. In this connection we quote, because it is clear and readily understood, the testimony of Oswald S. Parker, a witness sworn in behalf of appellant, as follows:

"I live in Houston. My profession is that of a lawyer. My office is on the ninth floor of the Scanlan building. My partner is Judge T. M. Kennerly. My partner and I are joint attorneys for the Houston Oil Company of Texas. We have been engaged in that capacity for three years. We were so engaged in July, 1914. I think I am familiar with all of the agreements between the Houston Oil Company and the Kirby Lumber Company, as affecting the matter of scaling.

"The instrument handed me by counsel (meaning the contract between the Kirby Lumber Company and the Houston Oil Company) purports to be a contract of 1901 between the Houston Oil Company of Texas and John H. Kirby; that contract is still in force as construed, and in some respects, I believe, modified, by the decree of the United States District Court for the Southern District of Texas, which has become a part of the contract between the parties, but I see nothing in this paragraph 3, as I recall, that has been changed in any manner. This is the decree of July 8, 1908, that I refer to. Except so far as it is modified by this decree, this contract is in force.

"I certainly am acquainted with the practical workings of the parties under the contract, so far as the Houston Oil Company is concerned in respect to the scalers. Under the decree it employs what are known as contract scalers, composed of a chief scaler, who is an employé of the Houston Oil Company of Texas, and certain scalers working under him, who actually scale the timber. These scalers scale the timber before it is moved from where it is felled in the woods, make out triplicate reports, send one to the Houston Oil Company of Texas, at Houston, for its records, to furnish the basis of the charge against the Kirby Lumber Company for the timber cut, and send a duplicate to the Kirby Lumber Company by the same manner, so they can check against our charge statement and keep the third copy for reference. The Houston Oil Company of Texas has the exclusive right to discharge these men. We do not allow the Kirby Lumber Company to interfere with them in any way; these men are upon the pay roll of the Houston Oil Company of Texas, and they receive their pay from that company. As to other scalers working in the employment of the Kirby Lumber Company, at times only, the Kirby Lumber Company has employed its own scalers to work opposite these Houston Oil Company scalers, in order to check their work, and see if the Kirby Lumber Company had any objection to the method of scaling carried on by our scalers. Sometimes they have made objections, and they have been taken up and thrashed out, but the scalers employed by the Kirby Lumber Company are merely what is known as check scalers, who have nothing to do with the reports, and have nothing to do with the basis on which the charges are made. Our scalers are entirely independent of the Kirby Lumber Company, and we have nothing to do with them."

On cross-examination he further testified: "There is a check scaler which the Houston Oil Company employs entirely independent of the scalers of the Kirby Lumber Company, which I have referred to. The Houston Oil Company of Texas employs certain traveling scalers who go from place to place and check the work of other scalers. They are included in the contract, according to our construction. The Kirby Lumber Company does not pay these scalers that I have just referred to. They do, under the contract and decree, contribute to the Houston Oil Company of Texas a certain amount, which is supposed to reimburse for a part of the cost of having the timber scaled; but the authority to do it, and the duty to have it done and to employ scalers, is all on the Houston Oil Company of Texas. As to the reimbursement being for the scalers I have just referred to, I will say that I know what counsel is referring to; that is, in section 3, where it says that the party of the second part, Kirby Lumber Company, shall reimburse party of the first part, Houston Oil Company, for the wages of such scalers, not to exceed $50 per month each. That is done even to this time, but it is paid direct under that to the Houston Oil Company of Texas."

There is no contention, in so far as is disclosed by the record before us, that appellant, Kirby Lumber Company, ever claimed the right to exercise, or ever, in fact, exercised, any direction or control whatever over log scalers employed by the Houston Oil Company, nor is there any contention on the part of appellees that the Kirby Lumber Company had the right to employ or discharge any of the scalers for the Houston Oil Company, but, as stated above, it seemed in the record to be the contention of counsel for appellees that the provision in the contract between the Houston Oil Company and the Kirby Lumber Company for reimbursement for part of the wages paid scalers by the Houston Oil Company had the effect to constitute McGilberry an employé of the Kirby Lumber Company.

In view of the finding by the jury that Sanford McGilberry was himself guilty of negligence which contributed to his death, the appellees were not entitled to a judgment in their favor, notwithstanding the jury also found that the servants of the Kirby Lumber Company, who felled the tree which killed McGilberry, were guilty of negligence, unless McGilberry was an employé of the Kirby Lumber Company at the time of his death, and sustained the injuries which resulted in his death in the course of his employment. It was admitted upon the trial below that the Kirby Lumber Company was not a subscriber under the provisions of the Workmen's Com-

pensation Act of this state, but whether the Houston Oil Company of Texas was such subscriber does not appear from the record.

Section 1 of the Texas Workmen's Compensation Act (Acts 33d Leg. c. 179) reads as follows:

"In an action to recover damages for personal injuries sustained by an employé in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense:

"1. That the employé was guilty of contributory negligence; but in such event the damages shall be diminished in the proportion to the amount of negligence attributable to such employé."

"Employé" is defined in the act as follows:

"'Employé' shall include every person in the service of another under any contract of hire, express or implied, oral or written, except one whose employment is but casual, or is not in the usual course of the trade, business, profession or occupation of the employer."

Now, if Sanford McGilberry, at the time of his death, was not in the service of the Kirby Lumber Company under a contract of hire, express or implied, oral or written, then he was not an employé of the Kirby Lumber Company at the time of his death, and the Workmen's Compensation Act of this state cannot be applied and cannot affect the liability of the Kirby Lumber Company for the death of Sanford McGilberry, but the liability of the Kirby Lumber Company in such event must depend upon the law as it was prior to the passage of that act by the Legislature of this state; and under the law as it obtained prior to that act, and still obtains as to all persons not affected by that act, McGilberry's negligence, as found by the jury, constituted an absolute defense in bar of any recovery by the appellees in this case.

[1] And since it affirmatively appears, without dispute, from the record before us, that Sanford McGilberry was selected and employed by the Houston Oil Company of Texas; that he was carried on the pay roll of the Houston Oil Company of Texas as its employé; that his wages were paid to him by the Houston Oil Company of Texas; that the Houston Oil Company alone had the right to direct and control the said McGilberry in the discharge of his duties as log scaler and the right to discharge him; and that the Kirby Lumber Company, appellant, had no such right to employ, direct, control, or discharge the said McGilberry—we are of the opinion that the said Sanford McGilberry was not, at the time of his death, an employé of the Kirby Lumber Company but was an employé of the Houston Oil Company of Texas, notwithstand-

ing the provision as contained in paragraph 3 of the contract between said companies to the effect that the Kirby Lumber Company would reimburse the Houston Oil Company for wages paid timber scalers by said last-named company, not to exceed $50 per month each. It is clear from the provisions of the contract between said companies that the presence of McGilberry at the place where he met his death was for the purpose of protecting the interests of the Houston Oil Company of Texas in the sale of its timber to the Kirby Lumber Company; that is to say, it was the purpose of the Houston Oil Company in having him there to see that its interests were properly protected as against the Kirby Lumber, in felling and taking its timber, and this, doubtless, was the reason for the provision in the contract, as shown above, that the Houston Oil Company, the seller of the timber, should have the right to select and employ its own scalers, and not have to depend upon such reports as the Kirby Lumber Company might furnish to it in that connection. There was no contract of employment of McGilberry by the Kirby Lumber Company either written or oral, express or implied, as shown by the undisputed record in this case, and therefore he was not an employé of the Kirby Lumber Company, as defined by the Workmen's Compensation Act of this state, as above quoted. Wallace v. Cotton Oil Co., 91 Tex. 21, 40 S. W. 399; Cunningham v. Moore et al., 55 Tex. 377, 40 Am. Rep. 812; Cunningham v. Ry. Co., 51 Tex. 510, 32 Am. Dec. 632; Honnold on Workmen's Compensation, c. 4, §§ 49, 51, 58, and 66; Vernon's Sayles' Civil Statutes 1914, arts. 5246h and 5246yyy.

[2] Having reached the conclusion that Sanford McGilberry was not an employé of the Kirby Lumber Company at the time of his death, within the provisions of the Workmen's Compensation Act of this state, it follows that we must hold that the finding by the jury that said McGilberry was guilty of negligence which proximately contributed to his death, which finding is not questioned by the appellees in this case, and which is abundantly supported by the evidence, entitled appellant, Kirby Lumber Company, to a judgment in its favor, and the trial court should have granted appellant's motion therefor; and, because of the trial court's error in refusing to do so, its judgment is reversed, and judgment will be here rendered, upon the verdict of the jury, that appellees take nothing by their suit, and that appellant recover all costs by it expended.

Reversed and rendered.