**PEYTON PACKING CO. v. COLLIS et al.**

No. 3638.

Court of Civil Appeals of Texas. El Paso.

Nov. 4, 1937.

Rehearing Denied Nov. 24, 1937.

Lea & Edwards, of El Paso, for appellant.

C. W. Croom and Roy D. Jackson, both of El Paso, for appellees.

WALTHALL, Justice.

This is a personal injury suit. Appellee J. W. Collis, joined by his wife, Eva Collis, brought this suit against appellant, Peyton Packing Company, a corporation, to recover damages for personal injuries received by them in a collision by reason of the automobile in which appellees were riding coming in contact with a truck alleged by appellees to be owned by appellant and to have been driven at the time by a servant of appellant, and that the injuries to appellees, they allege, were the direct and proximate result of the negligence of a servant of appellant in driving said truck.

Appellant answered by general denial and other defensive pleadings.

The undisputed evidence shows, and it was an accepted fact at the trial, that Mike Nolan was the driver of the truck that came into the collision with appellees' automobile at the time of the collision in which appellees received the injuries complained of.

The court submitted to the jury appellant's two requested special charges, inquiring whether Mike Nolan was an employee of appellant, Peyton Packing Company, at the time of the collision complained of, and whether, at the time of the collision complained of, Mike Nolan was acting within the scope of his employment with the Peyton Packing Company (presumably in driving the truck).

The jury answered each of the two questions in the affirmative.

The question of the sufficiency of the evidence to justify the submission of the above issues to the jury, and to sustain the jury's findings thereon, present the only matter we need to consider on the appeal.

### Opinion.

Appellant submits that all of the evidence in the case shows that Mike Nolan, the operator of the truck which participated in the collision resulting in the injuries to appellees, was not an employee of appellant, but that the evidence does affirmatively show that Mike Nolan, the driver of the truck, in operating the truck, was the employee of W. Le Roy Hamilton, a contract carrier, not a party to this suit, and that the court was in error in not directing a verdict for appellant, as moved by appellant at the close of the evidence.

The proposition in legal effect is, that W. Le Roy Hamilton, under the evidence, was an independent contractor hauling the products of the Peyton Packing Company in the territory in which he was acting, and that Mike Nolan was operating one of Hamilton's trucks as an employee of Hamilton at the time of the collision and injuries to appellees.

The collision occurred on the public highway after dark about ten miles west of Van Horn. The evidence, on the issue we are considering, is too lengthy to quote in full, but we state it as fully as we can to show the facts testified to. John Moore, a witness, arrived at the place of the collision about thirty minutes after it happened. He testified: Talked with Mike Nolan; Nolan said he was working for Peyton Packing Company. Mike Nolan testified: Denied using the words used by witness Moore; said "He asked me what I was driving; I pointed and says, 'that truck. I am hauling for Peyton.'"

L. F. Miles testified: At the time of the accident was vice president of Peyton Packing Company, and at the time of the trial was secretary. Have been with the company about ten years; heard of accident next day through Hamilton. "Question: Who is Mr. Hamilton? Answer: He is the owner of the truck and he operates the truck." Said: Nolan works for Mr. Hamilton; Hamilton is a truck operator, has two trucks, and does regular hauling business; that is the way the Peyton Packing Company products are delivered, through him, on that particular run; yes, Peyton Packing Company's sign is on the truck; yes sir, delivering Peyton Packing Company's C.O.D. products, and making collections; the truck belongs to Hamilton, carried at that time Texas license number, and was licensed to Peyton Packing Company. In answer to question why witness says the truck belongs to Mr. Hamilton, and that the company has nothing to do with it, witness said, in substance: There are truck lines impounded for failure to pay the license; the company's merchandise being perishable, we never felt secure unless we secured the license and passed it on to the owner. The truck was owned by Mr. W. Le Roy Hamilton and not by the Peyton Packing Company. In the agreement Hamilton was to furnish the equipment and deliver the products at a stipulated amount of money per hundred weight. Witness exhibited vouchers in payment to Hamilton to cover his operations of deliveries for appellant covering the time involved.

In explanation of Peyton Packing Company's name on the truck involved, witness said in substance: Originally it was a blank aluminum sign, and we thought it good advertising to have it painted with the company's name, and with Hamilton's consent we painted it. Witness said: After truck was loaded and the products delivered to Hamilton, the company exercises no further control over the truck or the method of handling it. The drivers of the trucks were paid by Hamilton. The company directs when the merchandise shall be delivered and to whom; witness said Hamilton was a contract carrier, and thought he carried only Peyton Packing Company products; said the company did not buy that truck; a man named Hanich was a driver for some other line; he took this truck and established a truck line; we paid him so much per hundred weight; Hanich sold to Hamilton.

In explanation of how the truck carried only the company's products, bearing the company's sign on the truck, the license issued to the company and not to Hamilton, and Hamilton not the owner, witness, in substance, said: We said to Hamilton, if he wanted to invest in the truck, we would guarantee him a certain tonnage to make it possible for him to have the investment; he was to haul only our products. The permit to operate the line was to Hamilton; he paid for the license.

W. Le Roy Hamilton testified, in substance: Stated his business. Prior to and in December, 1936, operated, as a contract carrier, a truck for the Peyton Packing Company; had as employees Mike Nolan (and others named); the truck that participated in the accident involved was "my truck"; the driver was Mike Nolan; paid him by the week with checks; did not have the checks but could produce them; the company (appellant) paid witness by voucher weekly by the hundred weight to different points; the freight was collected by witness by returning the invoices, and he was paid by voucher each week, identified vouchers for two trips in December, 7th and 10th, from El Paso, including the trip on which the collision occurred. Witness said, in answer to question, that the Peyton Packing Company had nothing to do with "the hiring or firing" of witness' employees; witness paid for the

gasoline, oil, upkeep, and truck repairs; company was interested in delivery of products at destination where it gave witness invoices, the method of getting to destination was witness' own business. In answer to further questions in explanation as to why the license number of the truck in the collision was held in the name of the Peyton Packing Company, witness gave lengthy statements, which, very much abbreviated, are as follows: In 1934 appellant discovered it could not depend upon the average contract trucker to pay the state license, state mileage taxes, resulting in having trucks tied up with state authorities, which appellant did not want to happen to its products, being of a perishable nature. Witness, at that time in the employ of appellant, contracted with appellant to assume a prior contract of a contract carrier who was indebted to appellant for various C.O.D. collections. In the deal appellant paid the state license for witness and the mileage taxes and charged them to witness, all of which witness ultimately paid; said appellant company paid city and county taxes on the truck involved here, and charged to witness, which he paid; said the truck did not, but could, haul products other than appellant's. Witness had and exhibited the original contract of sale to witness from the International Harvester Company on the truck, and which witness paid at time stated by check shown. Witness testified that he paid Mike Nolan for his services to him as his employee, and exhibited checks to that effect.

Mike Nolan testified: Said he was employed by Hamilton as driver of the truck involved here, stating time; was hauling meat for appellant; stated in detail the method of deliveries and collection returns to Hamilton.

Appellees in their brief refer to and stress certain portions of the evidence, some not referred to in above statement, as sufficient to take the case to the jury. We have carefully considered the evidence.

 The test to be applied in determining the liability for the damages which resulted to appellees in the collision of truck with the automobile in which appellees were riding at the time, so far as the Peyton Packing Company is concerned, is the right which the Peyton Packing Company had to control the hauling of the offending truck. 23 Texas Jurisprudence, vol. 23, p. 545, § 5 et seq. In National Cash Register Co. v. Rider, 24 S.W.2d 28, 30, Judge Short, for the Commission of Appeals, said: "In every case which turns upon the nature of the relationship between the employer and the person employed, the essential question to be determined is whether the employer had the right to exercise control over the details of the work." 19 A.L.R., 240; King v. Galloway (Tex.Com.App.) 284 S.W. 942; Cunningham v. International Railway Company, 51 Tex. 503, 510, 32 Am.Rep. 632; Cunningham v. Moore, 55 Tex. 373, 377, 40 Am.Rep. 812; Smith Bros., Inc., v. O'Bryan, 127 Tex. 439, 94 S.W.2d 145. The evidence shows, without controversy, we think, that W. Le Roy Hamilton was the contract carrier of the meat products of the appellant packing company from its packing plant at El Paso, Tex., to points away, embracing New Mexico, collecting for packages delivered, and for the services received pay per hundred weight of the meat products. All of such service was performed by the drivers of the trucks employed by Hamilton, and for their services paid by Hamilton. The evidence clearly shows that Hamilton owned the trucks used in carrying the meat products of the appellant packing company, and especially the truck driven by Mike Nolan and involved in the unfortunate collision in which appellees were injured.

We have not found in the evidence any statement, fact, or circumstance indicating that the appellant packing company had, claimed, or exercised the slightest right to direct or control the use of any of the trucks, or the drivers of the trucks. Appellees having alleged that the driver of the truck was appellant's agent, servant, or employee, and that the truck belonged to appellant, to authorize a judgment in favor of appellees, the evidence must show, prima facie, the truth of the allegation. Appellees refer us to Scheuing et al. v. Challiss, et al. (Tex.Civ.App.) 104 S.W.2d 1113, as sufficient to sustain the allegations. In that case the statement of facts shows that appellants were operating an ice business as a company; the contention there made by appellants was that Wigley was not their employee when killed by an ice truck driven by Crit Lowe, but as an independent contractor. The jury found that Wigley was an employee. The evidence showed that Wigley solicited retail customers and delivered company ice in company truck; that ice company paid for repairs on truck; truckman was directed by company to report for work, was directed to

drive carefully and cover territory properly, to sell all ice possible; ice company could discharge truckman. A number of facts quite different from the facts here.

We have concluded that the evidence does not show any fact or facts sufficient to support the verdict of the jury, or the judgment of the court for damages as against appellant.

The case is reversed, and, having been fully developed, judgment is here entered for appellant.