STEPHENSVILLE, NORTH & SOUTH TEXAS RAILWAY COMPANY V. JOHN COUCH.

Decided June 9, 1909.

**Railway—Independent Contractor.**

A railway company is not liable to an adjoining proprietor for damages to his land by the acts of independent contractors constructing its road in causing rocks to be scattered over same.

Appeal from the County Court of Hamilton County. Tried below before Hon. A. E. Scott.

*Marshall Ferguson,* for appellant.

*Langford & Chesley,* for appellee.—Whenever the independent contractor, in order to prosecute his work under his contract, must exercise, in whole or in part, a franchise granted by the Legislature to his employer, the railroad, the company must answer for his torts, because it is bound to see to the correct execution of the powers conferred upon it by the Legislature. 1 Thompson on Negligence, secs. 669, 672, and authorities cited in notes; 16 Am. & Eng. Ency. of Law, 197,

199; Railroad Co. v. Warner, 31 S. W., 66; Railroad Co. v. Meador, 50 Texas, 77; Pound v. Port Huron R. Co., 54 Mich., 13, 26 Cyc., 1562; Railway Co. v. Warner, 88 Texas, 642; Rev. Stats., arts. 4422, 4425 and 4443; Railway Co. v. Newell, 73 Texas, 334; Bridge Co. v. Steinbrock, 76 Am. St. Rep., 375, and authorities cited in notes.

RICE, ASSOCIATE JUSTICE.—Appellant Railway Company employed Read Bros. & Montgomery, a firm of railway contractors, to construct a certain portion of its railroad. In so doing they scattered rock upon the premises of appellee through which the road ran, thereby damaging the same, for the recovery of which this suit was instituted by appellee against appellant, who brought in said firm of contractors, and also the Fidelity & Deposit Company of Maryland, who was surety upon said contractors' bond.

Appellant dismissed as to Read Bros. & Montgomery on the ground that they were nonresidents and insolvent. Upon trial in the Justice's Court judgment was rendered in favor of appellee against appellant for $145, and in favor of appellant over against said Fidelity & Deposit Company, from which judgment the appellant appealed to the County Court, where a trial was had with the same result, from which this appeal is prosecuted.

Appellant answered, pleading a general denial, and that the damages suffered, if any, were done by Read Bros. & Montgomery, who were employed under a contract with appellant to construct its line of railway, and that under the terms of said contract they were independent contractors, over whom appellant had no control, except as to the result of the work to be done; wherefore, it was not liable for the wrongful acts of said contractors in scattering rocks upon the premises of appellee.

The following conclusion of law of the trial court is assigned as error: "I find that the defendant railway company could not legally absolve itself from its duties to the general public in building a railway under a charter, and therefore the plaintiff is entitled to recover directly against said company, although Read Bros. & Montgomery were independent contractors in constructing said railway."

The court found as a fact that the injury complained of was occasioned by Read Bros. & Montgomery, who were independent contractors in the construction of said railway through the premises of appellee; so that the question to be determined is whether or not appellant is liable for the injuries thus occasioned by said independent contractors. In Thompson on Negligence, vol. 1, sec. 621, it is said: "It is a general rule that one who has contracted with a competent and fit person, exercising an independent employment to do a piece of work, not in itself unlawful, or of such a nature that it is likely to become a nuisance, or to subject third persons to unusual danger, according to the contractor's own methods, and without being subject to control except as to the results of his work, and subject to other qualifications hereafter stated, will not be answerable for the wrongs of such contractor, his sub-contractors or his servants, committed in the prosecution of such work. An independent contractor within the meaning of this rule

is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. The contractor must answer for his own wrongs and the wrongs committed in the course of the work by his servants, and if the proprietor has been compelled to pay damages on account of the negligence of the contractor, he may recover them from the contractor, etc."

Speaking with reference to this rule as to railway contracts, the same writer says, section 626, same volume: "This rule has generally been applied so as to exempt railway companies from liability for wrongs done by contractors employed by them in the construction and repair of their roads. The rule is the same, although the contract is by parol; but, as hereafter seen, the rule does not extend so far as to excuse such company in failing to perform a statutory obligation; nor can it devolve the exercise of its franchises upon a contractor so as to exonerate itself." And in further discussing the same subject in section 671, he says: "Where the railway company has not committed the execution of any of its franchises to contractors employed by it to build its road, the courts in general hold that it stands under the same immunity from liability to answer for the wrongs done by the independent contractor whom it employs merely to produce certain results, and over whose methods it exercises no control, as that which attaches, under like circumstances, to any other proprietor. These cases proceed upon the view that a contract by a railroad company with another person or corporation for the construction of its road is not such a delegation of its charter rights as will render it liable for unauthorized wrongs committed by the contractor or his servants in the prosecution of the work. Therefore, a railroad company will not be liable to a third person for a nuisance resulting from a negligent or improper construction of the road by a construction company occupying the position of an independent contractor, even though in the view of one court it is notified that the work is being improperly performed. For example: A railroad company was exonerated from liability for the drowning of a boy in a pool of water formed by a heavy storm against an embankment constructed by an independent contractor and still in his possession and under his uncompleted contract. Nor it is answerable in damages for the negligent management by such a contractor or his servant, of a construction train employed by him in doing the work, unless, as shown in a preceding paragraph, it allows the contractor to assume its franchises of carrying passengers. Even where the railway company furnishes the motive power and operates the construction train by its own engineer, it will not be liable for damages created in operating it where the engineer is under the control of the contractor. It has also been held that a railroad company which has not accepted its road from an independent contractor for its construction at the time a third person received injuries from a nuisance can not be held to have ratified any act of the contractor by which the nuisance was created, in the absence of any evidence showing that it had knowledge thereof," citing many cases in support of the text.

The same doctrine has been held in this State in the case of Cunningham v. International & G. N. R. Co., 51 Texas, 503, denying the

right of a party riding as a passenger on a construction train operated by independent contractors, and before the road had been received by the company, to recover damages for injuries sustained, the court saying: "That the contractors may have used as a means to assist in carrying out their contract to construct the road a train belonging to defendant company and operated by servants primarily employed by it, would not of itself make the company liable for their acts, unless it had immediate control and management of the train. To hold otherwise would virtually forbid parties to construct works of improvement, and to perform many other acts, except by their own servants, unless at great peril, for liability for the actions of others, over whom they had no immediate control." But further says: "The principle that a railroad company can not delegate to an employe its chartered rights and privileges so as to exempt it from liability, does not extend to the use of the ordinary ways and means for the construction of the road, but to the use of such extraordinary powers, only as the company itself could not exercise without having first complied with the conditions of the legislative grant of authority. Thus, after having first procured the right of way, the company can delegate to another lawful authority to enter upon the same and make its roadbed and perform other proper acts of construction; but it can not delegate such lawful authority without having first secured the right of way by donation, purchase or the exercise of the right of eminent domain."

In Railway Co. v. Van Bayless, White & Wilson Civ. Case., sec. 500, page 247, it was held that the railroad company was not liable for damages for the killing of a mule *which was run over by a construction train operated by independent contractors*, the court saying that "there was no duty to Van Bayless devolving upon and neglected by the railroad, nor was any trespass upon him or his rights incident to the proper performance of the contract."

In discussing the rule and its exceptions in the case of McHarge v. Newcomer & Co., 100 S. W., 702, the court says: "While the general rule of law is as stated, that the proprietor or employer is not liable for the negligence of his contractor and the servants and assistants of the latter, yet there are well-established exceptions and limitations to it. These exceptions in general are: Where the act contracted to be done is wrongful or tortious in itself; where the injury is the direct or necessary consequence of the work to be done; where the thing to be done or the manner of its execution involves a duty to the public incumbent upon the proprietor or employer; when the work contracted for is intrinsically dangerous, and the performance of the contract will probably result in injury to third persons or the public; and where the proprietor interferes with the contractor in the performance of the work. Nor does it apply when the work has been completed and accepted." Citing 1 Jaggard on Torts, sec. 231.

We do not understand that appellee contends that any of the above exceptions are applicable here, but he does insist that wherever an independent contractor, in the prosecution of his work, must exercise, in whole or in part, a franchise granted by the Legislature to his employer (that is, the railroad), the company must answer for his torts, because it is bound to see the correct execution of the powers conferred upon it

by the Legislature. The principle contended for by him is sound and supported by ample authority, but it is not applicable here, for the reason that the independent contractor in this instance was not exercising or undertaking to exercise any franchise granted to the company. The contractors had not completed the construction of the road, and it had therefore not been turned over to appellant.

In the case of Sanford v. Pawtucket Street Railway Company, 33 L. R. A., 564, where it was sought to make the company liable for damages occasioned to a traveler on account of the negligence of an independent contractor, it is said: "Again, the principle that a railroad company can not delegate to a contractor its chartered rights and privileges, so as to exempt it from liability, does not extend to the use of the ordinary means employed for the construction. of the road, but to the use of such extraordinary powers as the corporation itself could not exercise without first having complied with the conditions of legislative grant. In other words, where the wrong and injury for which the action is brought were committed in the performance of acts by virtue of the authority of the corporation derived from its charter, and could have been performed in no other way, then the party injured has the right to hold the corporation responsible, because it is really the corporation that is acting."

In the case of Atlantic & Florida R. Co. v. Kimberly, 27 Am. St. Rep., 231, it is held, as stated in the syllabus, that a railroad company may employ an independent contractor to construct its road, and that a contract of this character is not such a delegation of its charter rights as will render the company liable for the unauthorized wrongs of the contractor or his servants while engaged in the work.

A number of cases have been cited by appellee in support of his proposition, which in our judgment are not applicable here, because each of them, when closely analyzed, will be found to fall within some of the exceptions as above stated to the general rule. The case of Taylor, B. & H. Ry. Co. v. Warner, 31 S. W., 66, cited by appellee as supporting his contention, has been overruled by the Supreme Court. See Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 642. That case was sustained by the Court of Civil Appeals of the First District upon the theory that the crossing upon which the accident occurred was a public crossing, where the statute imposed the duty upon the railway company in crossing the same, to restore the highway thus intersected to its former state and keep such crossing in repair, in which the contractors were derelict; but the Supreme Court in reversing the case held that the crossing, in fact, was not a public crossing, and therefore no such duty was imposed upon the company.

From a careful reading of the cases on this subject it will appear that before a railway company can ordinarily be held liable for injuries occasioned by the negligent acts of independant contractors, it must be shown either that some legal duty was imposed upon the company which could not be delegated to such independent contractors, and which they wholly or negligently failed to perform, or that the case came within some of the well-known exceptions to the general rule. In the present case said contractors, in our judgment, were exercising no privilege or franchise granted to the company; hence no duty was

imposed by statute upon the company relative thereto, for which reason it could not be held for the negligent performance of the acts complained of, unless it appeared that said acts came within some of the well-known exceptions to the rule making the employer responsible for the acts of an independent contractor, which is not contended by appellee.

We therefore hold that, under the facts shown by the record, appellant in this case was not responsible for the damages sustained by appellee. But as the contract between the company and said independent contractors was not in evidence, notwithstanding the general finding of the court to .that effect, we are inclined to believe that it is our duty to reverse and remand the case, rather than to reverse and render, since the case in this respect may be more fully developed, and it is so ordered.

*Reversed and remanded*