### PRAIRIE OIL & GAS CO. v. WRIGHT.
(No. 9703.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 10, 1921.)

**1. Master and servant ⚖➝330(1)—Burden of proving employee an independent contractor rests on employer.**

In an action for negligence of defendant's employee in leaving the gate to plaintiff's pasture open, where defendant claimed that the employee was an independent contractor who had contracted to haul pipe for defendant, the plaintiff established a prima facie case by proof of the negligence and the injury, shifting the burden of proof upon defendant to show the existence of a contract making the employee an independent contractor.

**2. Evidence ⚖➝91—Rule as to burden of proof stated.**

The burden is upon plaintiff to establish the issues upon which he relies for recovery, and is upon the defendant to establish the affirmative defenses relied upon to defeat the recovery.

**3. Master and servant ⚖➝330(3)—Person hauling pipe held not shown to be an "independent contractor."**

Evidence *held* insufficient to show that a negligent employee hauling pipe was an independent contractor in that there was no testimony as to whether he was to be paid by stated wages or by the job, or whether or not he was under the control of the defendant as to the means used in transporting the pipe.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

**4. Master and servant ⚖➝316(1)—"Independent contractor" defined.**

An independent contractor is one who renders services in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished, and who in the actual execution of the work is not under the order or control of the employer (citing 2 Words and Phrases, Second Series, p. 1037).

Appeal from Eastland County Court; R. L. Rust, Judge.

Suit by E. P. Wright against the Prairie Oil & Gas Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.
Grisham Bros., of Eastland, for appellee.

BUCK, J. This is a suit by E. P. Wright against the Prairie Oil & Gas Company for damages alleged to have been sustained by plaintiff on account of defendant's servants and agents negligently leaving open the gate to plaintiff's pasture, and allowing plaintiff's two horses and one mule to escape therefrom and become lost. He sued for $425, the value of the animals lost, and for damages for loss of time while hunting for the animals, etc. The jury found damages for plaintiff in the sum of $425, and from a judgment entered in accordance with the verdict, the defendant has appealed.

[1] The evidence shows that the defendant had some pipe on the Texas Central Railway right of way adjoining plaintiff's pasture. The defendant company hired one Marion Hood to haul said pipe to Mangum, and Hood, with some 13 wagons, hauled the pipe, going through plaintiff's pasture to do so. While there is a conflict of the evidence upon whether Hood's men left open the gate, there is ample evidence to sustain the verdict and judgment upon this question. The main question upon this appeal is whether the evidence shows that Hood was an independent contractor, and therefore defendant was not liable for the negligence of his employees. Defendant specially pleaded that Hood was an independent contractor, and that it was not liable for the acts of negligence of Hood's men. The nature of the relationship between defendant and Hood was determined by their contract, and this was peculiarly within the knowledge of defendant. Hence, plaintiff having made a prima facie showing of liability, the burden of proof rested upon defendant to show the existence of a contract between it and Hood which made Hood an independent contractor, and relieved the defendant of liability. Day v. Williams (Tex. Civ. App.) 193 S. W. 239; Mason v. Olds (Tex. Civ. App.) 198 S. W. 1040, writ denied. 10 R. C. L. p. 902, § 53, says:

"As a general rule the omission by a party to produce important testimony relating to a fact of which he had knowledge, and which is peculiarly within his own reach and control, raises the presumption, open to explanation, of course, that the testimony, if produced, would be unfavorable to him. And so the onus probandi is on the party who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant."

In the same volume, and on the same page, in section 52, it is said:

"Similarly, in an action where there is a plea of a special contract in defense, limiting

or conditioning the carrier's liability, the burden is upon the carrier not only to show a valid special contract, but also to allege and prove the facts and circumstances showing the stipulations to be reasonable."

[2] The burden is upon plaintiff to establish the issues upon which he relies for recovery, and is upon defendant to establish the affirmative defenses relied upon to defeat the recovery. Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; Railway Co. v. Novit (Tex. Civ. App.) 199 S. W. 496.

[3] The evidence does not show that Marion Hood was an independent contractor. He testified as follows:

"I am in the teaming business. I was first employed by a man by the name of Ed Bush to haul some pipe which was laid from Mangum to Cisco. He said that he hired us for the Ranger Oil & Refining Company. He offered us double pay to get it on the car. I had hauled some of the pipe to a car in Mangum and put it on the car. This man Bush was arrested and taken to Eastland for stealing the pipe. I learned that he did not own the pipe line. A man by the name of Si Spencer talked to me at Carbon about the pipe and told me to go ahead and haul the balance of it. There was no contract between Spencer and myself, and I did not discuss the terms which I was to be paid nor as to the time to be consumed in the hauling of same. About the only thing was said was go ahead and haul the balance of the pipe, and I hauled it at the instruction and direction of Spencer. I do not know who owned the pipe. Spencer told me to haul the pipe. I finished the job under the direction of Si Spencer. So far as I know, he had the exclusive control of said work. I do not know what relation Si Spencer had with the Prairie Oil & Gas Company. We were doing the work under the direction and control of Si Spencer. I was not present when the teams drove into the Wright pasture. My brother, Monte Hood, went to Ranger and got the money from the Prairie Oil & Gas Company for hauling this pipe. They paid him by check. I paid the other fellows after I got this check."

T. D. Hicks testified:

"I am claim adjuster and right of way man for the Prairie Oil & Gas Company. * * * The Prairie Oil & Gas Company owned the pipe. I know Si Spencer. He works for the Prairie Oil & Gas Company and did work for said company at said time. I don't know anything about the contract."

No witness testified as to whether Hood was paid by stated wages or by the job, or whether or not Hood was under the control of defendant company as to the means used in transporting the pipe.

"An 'independent contractor' is one who undertakes to produce a given result, but so that in the actual execution of the work he is not under the order or control of the person for whom he does it, and may use his own discretion in things not specified." 2 Words and Phrases, Second Series, p. 1037.

[4] An independent contractor is one who renders services in the course of an occupation representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. Railway Co. v. Couch, 56 Tex. Civ. App. 336, 121 S. W. 189. In 26 Cyc. p. 970, an independent contractor is defined as:

"One who contracts to do a specific piece of work, furnishing his own assistants, and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work."

Thompson on Negligence, § 39, says:

"Perhaps the most usual test by which to determine whether the person doing the injury was a servant or an independent contractor is to consider whether he was working by the job or at stated wages—so much per day, week or month. Schular v. Hudson River R. Co., 38 Barb. (N. Y.) 653. A person who works for wages, whose labor is directed and controlled by the employer, either in person or by an intermediate agent, is a servant, and the master must answer for the wrongs done by him in the course of his employment. A person who, for a stated sum, engages to perform a stated piece of labor in which he is skilled, the proprietor of the work leaving him to his own methods, is an independent contractor. The proprietor does not stand in relation of superior to him, and is not answerable for the wrongs done by him or his servants in the prosecution of the work, unless special circumstances exist making him so. The fact the employee was hired, not for a definite time, but to perform a particular job, does not, however, of itself negative the relation of master and servant, for under such a contract the employer may well retain full control over him; and it must be constantly borne in mind that the power to control on the part of the employer, is the essential fact establishing the relation." 4 Words and Phrases, First Series (1904 Ed.) p. 3542.

A laborer engaged for 50 cents to drive an animal to defendant's shop from another part of the city was held to be a servant, not an independent contractor. O'Neill v. Blase, 94 Mo. App. 648, 68 S. W. 764. See, also, Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399; Railway Co. v. Scheppelman (Tex. Civ. App.) 203 S. W. 167.

We conclude that the evidence fails to show that Marion Hood, in hauling the pipe for the defendant, was an independent contractor.

All assignments are overruled, and the judgment is affirmed.