### DIXON et al. v. ROBINSON et al. (No. 2531.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 14, 1925.)

**1. Master and servant ☞319—Work held not inherently dangerous so as to make employer liable for injuries from acts of independent contractor.**

Excavation preparatory to erection of new building on site of old one *held* not so inherently or intrinsically dangerous as to make employer of one doing work liable for latter's acts as independent contractor, whether or not contract included removal of old brick foundation walls, in doing which by use of dynamite a brick was thrown against and killed man in nearby building.

**2. Trial ☞350(6)—Whether independent contractor was removing brick foundation by explosives held for jury.**

Whether old brick foundation was being removed by use of explosives, at time of injury to plaintiff's decedent in nearby building, by independent contractor under contract with defendant for excavation of new building site, *held* issue to be submitted to jury.

**3. Trial ☞356(7) — Judgment held error, where jury failed to answer issue.**

In action against parties to building excavation contract for death of one struck by brick thrown by explosion of dynamite in removing foundation walls of old building, where jury failed to answer issue whether work being carried on by contractor at time of blast was part of contract, court erred in rendering judgment against either defendant.

**4. Trial ☞350(6)—Refusal to submit issue whether work being done by contractor at time of fatal injury to another was covered by later contract held error.**

In action against parties to building excavation contract for death of one struck by brick thrown by explosion of dynamite in removing foundation walls of old building, where evidence was conflicting as to who was controlling and directing removal of foundation and whether such work was included in original contract or covered by later contract, court erred in refusing to submit issue as to making of such later contract.

**5. Appeal and error ☞1160—Judgment will not be reversed on agreement of parties, especially where record discloses no authority to bind minor parties.**

Judgment will not be reversed on agreement of parties, filed by their attorneys, after settlement, especially where record discloses no authority of attorneys to bind minor parties by agreement to compromise judgment.

**6. Appeal and error ☞781(6)—Questions involved held not rendered moot by settlement and agreement to reverse judgment against one of two appellants.**

Questions whether building excavation contractor or his employer was liable for death of one struck by brick thrown by explosion of dynamite, used in removing old foundation walls, which contractor claimed was done under later contract, *held* not rendered moot by settlement and agreement to reverse judgment against employer.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Action by Mrs. M. F. Robinson, for herself and as next friend of minor plaintiffs, and others, against J. A. Dixon, O. A. Swinburn, and another. From a judgment for the named plaintiff and the minor plaintiffs against the named defendants, they appeal. Reversed and remanded.

Berry, Stokes & Killough, of Vernon, and Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellant Dixon.

Cook, Cook & Cole, of Vernon, for appellant Swinburn.

Bonner & Storey, of Vernon, and Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellees.

JACKSON, J. This suit was brought in the district court of Wilbarger county against the Dixon Dry Goods Company, a corporation, J. A. Dixon, and O. A. Swinburn, defendants, by Roy H. Robinson, Lucile Jones, and her husband Joe Jones, adult children of J. A. Robinson, deceased, for themselves, and by Mrs. M. F. Robinson, the surviving wife of the deceased, for herself and as next friend of Mary and Martha Robinson, the minor daughters of herself and her deceased husband, and also as next friend of Robin and

Florence Robinson, the two minor children of the deceased husband, J. A. Robinson.

Plaintiffs allege that on March 8, 1924, the Dixon Dry Goods Company, J. A. Dixon, and O. A. Swinburn, the latter acting for himself and as agent for his codefendants, were engaged in removing the foundation walls of a previously burned brick building on certain named lots in the town of Vernon, and that said lots were situated at the intersection of Main and Texas streets, and constituted one of the main business corners in the city, and was surrounded by business houses where large numbers of people congregated; that the defendants while engaged in removing said foundation walls carelessly and negligently placed or caused to be placed under the walls dynamite and had same discharged in a careless and negligent manner, and by the explosion of the dynamite pieces of brick and other hard substances were thrown great distances with great force, and the defendants thereby put in operation a dangerous instrumentality which imperiled the lives of people near said premises. On said alleged date the husband of Mrs. M. F. Robinson and the father of the other plaintiffs was engaged in the mercantile business in a building about 150 feet from where the dynamite was being exploded, and while seated at his desk in the rear of his building, without any warning and without taking any precaution against inflicting injuries, the defendants negligently exploded a charge of dynamite, and a brick bat thrown by the explosion thereof struck J. D. Robinson on the head, crushing his skull, from the effects of which he died June 14, 1924. Plaintiffs sufficiently allege the negligence of defendants, the age of deceased, and his earning capacity, and seek the recovery of $50,000 damages.

The defendants Dixon Dry Goods Company and J. A. Dixon answered by general demurrer, general denial, and specifically denied that their codefendant, O. A. Swinburn, or any one else engaged in the work of removing the foundation or walls from the lots described, were their employés, servants, or agents, and deny that the Dixon Dry Goods Company was the owner or interested in the building when burned, or the foundation at the time of the alleged accident, specifically alleging that said company was interested in neither the ownership of the lots, the foundation, or the work of removing same.

They specially answered that O. A. Swinburn was and had been long prior to the alleged accident an independent contractor, engaged in constructing buildings and structures of various kinds, and especially of brick and like material, and preparing for the construction thereof, and was known to the defendant J. A. Dixon as such, who prior to the alleged accident contracted with the said Swinburn for a valuable consideration, as an independent contractor, to remove the foundation from the site of the burned building, and to do the work of excavating the old foundation preparatory to the erection of a new building on said site, and, if the accident occurred as alleged, it was in the prosecution of said work by O. A. Swinburn as an independent contractor; that neither of the defendants were present nor had anything to do with the work nor the manner thereof, nor any control or direction thereof, but that such work was under the entire and exclusive direction and control of their codefendant, O. A. Swinburn, as independent contractor, and neither the Dixon Dry Goods Company nor J. A. Dixon were experienced in such work and relied entirely upon their codefendant as such independent contractor to properly carry out his contract of removing the foundation in which neither of them were interested, except in the result to be accomplished.

The defendant O. A. Swinburn answered plaintiffs' cause of action by general demurrer and general denial, and in reply to the answer of his codefendants filed his general denial.

The case was tried to a jury, and at the conclusion of the testimony the court peremptorily instructed a verdict in favor of the Dixon Dry Goods Company against all the plaintiffs, and in favor of all of the defendants against Roy H. Robinson, Lucile Jones, and Joe Jones, to which action of the court no objection is urged.

The case as to the other plaintiffs and the other defendants was submitted on special issues, and, upon the findings of the jury to such issues as they answered, the court entered judgment against the defendants J. A. Dixon and O. A. Swinburn, jointly and severally, for the sum of $10,000, and apportioned said amount among the plaintiffs in conformity to the jury's verdict.

The defendants J. A. Dixon and O. A. Swinburn each filed his separate appeal bond, and the case is before us for review on the respective assignments of error urged by said defendants in their respective briefs.

We will first dispose of the appeal of J. A. Dixon, who attacks as error by separate assignments the ruling of the trial court in refusing to give special issues Nos. 1, 2, and 3 requested by him, submitting to the jury certain alleged controverted issues of fact, the finding upon which issues by the jury would be decisive of whether or not O. A. Swinburn was engaged in removing the foundation walls of the building as an independent contractor, and, as such, directing and supervising the discharge of the dynamite which resulted in the injury to J. A. Robinson, from the effects of which he died.

In his answer, J. A. Dixon pleaded affirmatively, as a defense, that O. A. Swinburn was an independent contractor, and that he contracted with him as such to remove the foundation walls from the building site; that he had nothing to do with the work, the

method or manner thereof, nor any control or direction thereof; and that no authorized agent of his had any connection therewith, but it was left entirely and exclusively to O. A. Swinburn, as an independent contractor.

Mr. Dixon testified, in substance, that he went with Mr. Swinburn to the building site, pointed out to him what he wanted done, and mentioned, among other things, the removal of the foundation walls, as well as the excavation of the site preparatory to the erection of a new building; that he employed Mr. Swinburn for a consideration of $750 to do the work; and that Mr. Swinburn was to determine the method and manner of doing the work, and have control and supervision thereof.

Mr. Swinburn testified that he was employed by Mr. Dixon for the sum of $750, not to remove the brick foundation walls of the old burned building, but to excavate the dirt on the building site a certain depth preparatory to the erection of a new building, but that his contract did not include the removal of the brick walls of the old foundation.

There is other testimony in the record tending to support the contention of each of these witnesses as to the contract between them, and a finding by the jury that the removal of the brick foundation walls was or was not included in the contract would have been supported by the evidence.

[1] There is no allegations or proof that it was contemplated, or that it would be necessary, at the time the contract was made, to use dynamite in removing the brick foundation, and the work covered by the contract between Dixon and Swinburn, whether or not it included the removal of the brick walls, was not under this record, so inherently or intrinsically dangerous as to make Dixon, the employer, liable for the acts of Swinburn as an independent contractor. North American Dredging Co. v. Pew (Tex. Civ. App.) 196 S. W. 255, and authorities cited; Stephenville N. & S. T. Ry. Co. v. Couch, 56 Tex. Civ. App. 336, 121 S. W. 189.

[2] It is apparent that J. A. Dixon was entitled to have the jury pass upon the facts which would determine whether or not the brick foundation was being removed by the use of explosives at the time of the injury to the deceased by Swinburn under his contract. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Anderson Bros. v. Parker Construction Co. (Tex. Civ. App.) 254 S. W. 642.

[3] The court, as the first issue in his main charge, submitted this question:

"At the time of the blast, which it is alleged struck Mr. Robinson, was the work, if any, then being carried on by the defendant Swinburn being done by him and the other laborers as a part of the $750 contract? Answer 'Yes' or 'No.'"

This issue the jury failed to answer, and, by proper assignment, J. A. Dixon urges as error the action of the trial court in rendering judgment against him because this issue was not answered by the jury, and was the only question submitted that tended to present his defense of nonliability because the work was being done by an independent contractor. This contention, we think, is correct. Early-Foster v. Tom B. Burnett & Co. (Tex. Civ. App.) 224 S. W. 316; Dato v. Armstrong & Co. (Tex. Com. App.) 260 S. W. 1024.

J. A. Dixon presents under several assignments of error the insufficiency of the testimony to sustain the findings of the jury on certain issues submitted by the court. These assignments are overruled.

We will now consider the appeal of O. A. Swinburn. He presents as error the action of the trial court in rendering judgment against him, because the jury failed to answer the special issue set out above, submitted by the court to the jury in his main charge.

It will be observed that the language of the issue "at the time of the blast * * * was the work, if any, then being carried on by defendant Swinburn" included and required the jury to find whether or not Swinburn was at that time carrying on the work of removing the foundation.

Swinburn, in his testimony, denied that he contracted to remove the foundation, and denies that he was carrying on the work at the time of the injury of the deceased. He testified: That Dixon said he was leaving town, and if Swinburn needed or wanted anything to go to Mr. Pope who was clerk or partner in the store. That he did not begin the work of excavating for a few days, because he was waiting for Dixon to clean off the lot. Mr. Pope seemed to be the man having that done. He was out there assisting in loading the wagons and hauling off the brick. That at the time they began cleaning off the lots there was lots of the walls standing, and Pope and the men with him tore down the walls, and that witness had nothing to do with cleaning off the lots or tearing down the walls, and when they got the walls down to the hard part of the foundation Pope advised witness that he might go to work. That he (Swinburn) asked Pope about the foundation, and Pope said he thought that was in your trade. Witness said, "No; my trade with Dixon was for him to clean the lot off," and Pope said he didn't know about that. Witness then said he would go on and excavate a few days, take the dirt out, save Pope that much work, and turn the lot over to him to take out the foundation, and Pope said, "All right." That witness went ahead and got teams and men and excavated as much as he could and then turned it over to Pope and told him to take out the foundation, and Pope said, "All right." Pope asked if witness could loan him some men or help him get some, and witness told him he would let

him have some of the men that had been working there, to which Pope agreed. Some of the men went to work with picks and sledges tearing out the foundation. That some one suggested that dynamite be used, and he and Pope had a conversation relative to the dynamite, and agreed that the man, whose name he thought was Woods, might try the dynamite. That Pope sent Mr. Beard to the Hardware store, securing some dynamite, which was charged to the Dixon Dry Goods Company. That he (witness) did not have any men working for him at the time they were working on the foundation with the dynamite, and they got their pay at the office of the Dixon Dry Goods Company. That he had nothing to do with directing how they fired the dynamite or how they put the shots in. That he was there because he had nothing to do, and was waiting on the removal of the walls so he could go to work, but was receiving no pay.

Mr. Pope testified that he had no authority from Mr. Dixon to do anything except to remove the loose brick, and that, when Mr. Swinburn advised him that the removal of the foundation was not included in his contract, he suggested that Swinburn do the work, and, if he was correct about the contract not including the foundation, Dixon could pay him on his return.

The evidence as to who was in charge of the work or directing the work at the time the injury was inflicted upon the deceased is conflicting, and if the jury had found from the testimony that O. A. Swinburn was not engaged, under his contract, in the removal of the brick foundation, but that the same was being done under the direction of Mr. Pope who, under the findings of the jury which is sustained by the evidence, was the authorized agent for Mr. Dixon, we think the record would not disclose liability on the part of Mr. Swinburn.

[4] O. A. Swinburn also assigns as error the refusal of the trial court to submit a special issue requested by him permitting the jury to determine whether Swinburn agreed with Pope to undertake to remove the foundation and settle with Dixon when he returned.

The evidence being conflicting as to who was controlling and directing the work of removing the foundation, Pope or Swinburn, and Swinburn's testimony tending to show that he did not have charge of direction or control of the work, and was only there waiting till the foundation was removed so he could proceed with his contract of excavating, and the testimony also being in conflict as to whether removing the foundation was included in the original contract, or whether or not it was covered by a later contract between Swinburn and Pope, this issue should have been submitted.

[5, 6] J. A. Dixon and appellees, by their respective attorneys, filed, after the case was submitted, an agreement to the effect that this court should reverse the judgment as to Dixon, as a settlement had been reached.

We do not reverse a judgment on the agreement of the parties, and the record does not disclose any authority of the attorneys to bind the minor plaintiffs by any agreement to compromise the judgment, and such an arrangement as is revealed by the agreement filed does not render the questions involved moot. Any compromise made should be submitted to the trial court.

For the errors discussed, the judgment against J. A. Dixon, and also against O. A. Swinburn, is reversed, and the cause remanded.