**TEXAS & P. RY. CO. et al. v. PRICE et al.**
**No. 2831.**

Court of Civil Appeals of Texas. El Paso.
May 18, 1933.

Rehearing Denied June 15, 1933.

T. D. Gresham and C. C. Huff, both of Dallas, and Head, Dillard, Maxey-Freeman & McReynolds, of Sherman, for appellants.

G. P. Webb and Webb & Webb, all of Sherman, for appellees.

WALTHALL, Justice.

On the 7th day of January, 1932, at Collinsville, Grayson county, Tex., Alvin Scott, a boy 13 years and some 2 months old, received an injury to his foot and leg to the extent that his leg had to be amputated above the knee. This suit was brought by Mrs. Mollie Price, joined by her husband, Robert Price, mother and stepfather, respectively, of Alvin Scott, the suit being brought in her own behalf, and as next friend of Alvin Scott, against the Texas & Pacific Railway Company and the Missouri-Kansas-Texas Railroad Company of Texas, to recover damages for the said injuries sustained by the minor, Alvin Scott.

At the time of the injury to Alvin Scott, Fred Walthall and F. M. McKinney were each engaged in putting a railroad box car on a side track at a certain point along the railroad platform at Collinsville, for the purpose of loading cotton thereon, and, in the process of moving the box car to the point desired, the boy's foot slipped on a crosstie in front of the moving box car, the wheels of the box car passing over the foot and leg of the boy, causing the injuries complained of.

The points put at issue on the trial of the case as alleged in the petition by the plaintiffs, while more specifically stated in the special issues submitted in the court's charge to the jury, are substantially as follows: That the said Fred Walthall and F. M. McKinney, in putting the box car on the side track for the purpose of loading cotton thereon, and in loading the cotton thereon, were each the agents and employees of the defendants, railroad companies; that the agents and employees asked the said minor to take hold of said box car and help them to move it; that the said minor was of too tender years and had not sufficient understanding and discretion to appreciate and know the danger to him in this undertaking to move said box car; that the minor did

take hold of the front end of the said box car and was pulling on same while the said agents and employees were pushing the box car from the other end; and that in the process of moving said box car the said minor was injured as above stated.

The petition alleges that, if plaintiffs are mistaken in alleging that said agents and employees asked said minor to take hold of said car, then they say that said agents and employees knew that said minor was ahead of said moving box car and failed to give him warning of the danger and permitted him to remain in such position. On the facts alleged, plaintiffs, by proper averments, assigned the following as negligent acts on the part of each of defendants: (1) In its agent's instructing said child to take hold of said car; (2) in its agent's not cautioning said child against taking hold of said car and in not advising him of his dangerous position; (3) in not ascertaining the child's whereabouts before they continued to move the said car upon him.

The petition alleges that each of said elements of negligence was the direct and proximate cause of the injuries to the said minor and the resulting damages to plaintiffs. Plaintiffs allege that said injuries caused pain to the minor, rendered him a cripple, diminished his earning capacity, etc., and state the damages. Plaintiffs allege that they have been at expense in nursing and treating the said minor, that they have been deprived of his services, and state their value and pray for and state their damages.

Defendants answer jointly by general denial, and special answer, in effect, that in December, 1931, through their agent Van Pearce, defendants verbally contracted with Fred Walthall to load on cars all cotton that was to be shipped from Collinsville during the remainder of the cotton season, for which services defendants agreed to pay, and said Walthall agreed to accept as compensation, 3 cents per bale for loading the single deck of the cars, and 5 cents per bale for loading the double deck of the cars; that in performing his work under said contract said Walthall adopted his own method of doing the work, and was not under the control, direction, or supervision of defendants or either of them as to the method he used in doing the work; that said Walthall had the right to employ, at his own expense, such help as he needed or might desire to employ, but was not authorized to employ any person to help him at the expense of defendants or either of them; that Walthall at his own expense employed McKinney to assist him in loading the cotton; and that at the time said plaintiff minor was injured Walthall and McKinney were engaged in moving and spotting said box car to the platform to load it with cotton under said contract.

Defendants deny that either Walthall or McKinney was the agent, servant, or employee of defendants, but submit that each was an independent contractor, and further say that, if said Alvin Scott was requested by either Walthall or McKinney, in moving said car, which they deny, same was without the knowledge or consent of defendants or either of them.

Defendants assign negligence on the part of Mr. and Mrs. Price in permitting Alvin to be on the railroad tracks; defendants also allege that the minor's injuries were proximately caused by the minor voluntarily going upon the tracks when he had sufficient intelligence to appreciate the danger.

The case was submitted to a jury on special issues, and on the preponderance of the evidence the jury found: (1) Alvin Scott did not have the intelligence to appreciate the dangers of the situation in question and the discretion and circumspection to avoid them as an ordinary adult person would have had under the same circumstances; (2, 3, and 4) Walthall or McKinney invited Alvin Scott to assist in moving the car; such request was negligence and a proximate cause of the injuries to him; (5, 6, and 7) neither Walthall nor McKinney warned nor cautioned Alvin Scott of the danger incident to the moving of the car at the time, and such failure to warn or caution was negligence as that term is defined in the charge, and a proximate cause of the injury to Alvin Scott; (8, 9, and 10) Walthall and McKinney failed to ascertain the whereabouts of the boy, Alvin Scott, as they continued to move the car in question, and such failure was negligence and a proximate cause of the injury complained of; (11) Alvin Scott exercised that degree of care and caution that a child of his age, intelligence, and experience would have exercised under the same or similar circumstances; (12) Mollie Price and Robert Price used ordinary care in not permitting Alvin Scott to play on the railroad track in question; (13) conditional, and not answered; (14) $9,250, as a present cash payment, will reasonably and fairly compensate Alvin Scott by reason of his injuries; (15) $750 is the reasonable and necessary expense incurred by Mollie Price and Robert Price for nursing and medical attention to their son, Alvin Scott.

Special requested issues were submitted to the jury and answered as follows:

Van Pearce, as agent of defendants, was authorized by the defendants to make a contract with Fred Walthall to load cotton that was to be shipped from Collinsville on the cars; that, as such agent of defendants, Van Pearce did make a verbal contract about the 1st day of December, 1931, with Fred Walthall, the terms of which contract were: That Walthall agreed to load on cars all the cotton that was to be shipped from Collins-

ville during the remainder of the cotton season, for a consideration to be paid him by defendants of 3 cents per bale for loading said cotton single deck, and 5 cents per bale for loading said cotton double deck, on the cars. In performing the work and loading cotton under the contract, between Walthall and the defendants, Walthall did not have the right to select and use his own means and methods of doing the work without the control or direction of the defendants as to the method of doing the work. Walthall did not have the right under his contract with the defendants to employ McKinney to assist him to load the cotton. Walthall, at his own expense, employed McKinney to assist him in doing the work in connection with and loading cotton that he was to load under his contract with defendants. At the time plaintiff, Alvin Scott, was injured, Walthall and McKinney were moving cars for the purpose of spotting a car at the platform to load it with cotton under the contract.

In due season defendants filed motion for judgment non obstante veredicto, which motion the court overruled, and to which ruling defendants excepted. Subject to their motion for judgment non obstante veredicto, defendants filed a motion to set aside the findings and verdict of the jury, which motion the court overruled, and defendants excepted. The court granted plaintiff's motion to enter judgment in their favor, on the verdict of the jury, in favor of Alvin Scott for the sum of $9,250, and in favor of Mrs. Mollie Price and Robert Price for $750.

The court overruled defendants' motion to set aside the judgment and grant them a new trial, to which defendants duly excepted, gave notice of appeal, and gave a supersedeas bond. The case is now properly before this court.

### Opinion.

We will designate the parties as plaintiffs and defendants, as in the lower court.

Defendants submit that, Fred Walthall being an independent contractor, and McKinney being Walthall's employee, defendants were not responsible for their acts, and the court should have given the peremptory charge requested by defendants.

In response to special issue No. 3, the jury found that, in performing the work and loading the car under the contract between Walthall and defendants, Walthall did not have the right under the contract to select and use his own means and methods of doing the work without the control or discretion of the defendants as to the method of doing the work. The court having submitted that issue, that finding of the jury, presumably, is the ground upon which the court refused the defendant's motion for judgment.

Plaintiffs suggest that placing freight cars upon defendants' loading track and loading

freight thereon are duties imposed upon defendants by their charter rights, and that, as to third parties, such duties cannot be delegated to another so as to relieve defendants from the result of negligent acts of such other. Without discussing at this time the sufficiency of the evidence to sustain the jury's finding on the issue of Walthall as an independent contractor, we will consider the question as to whether defendants could delegate to him the duty of loading the cotton on said car.

■ It is well established, upon principles of public policy and the general rules applicable to contracts, · that a railway company, without the consent of the state, cannot, by agreement, absolve itself from any duties imposed upon it by its charter and the general laws of the state. The above seems to be an exception to the general rule of law that the employer is not liable for the negligence of his contractor and the servants and assistants of the contractor where the thing to be done or the manner of its execution involves a duty to the public incumbent upon the contractor or employer.

In the shipment of cotton from Collinsville, it was the duty of defendants to furnish a car for the purpose of such shipment, and, where defendants had received · the cotton for shipment and had undertaken to perform the service of loading the cotton, it was defendants' duty. to load the cotton on the car pursuant to the shipment; that is, it was the duty of the defendants, as common carriers of goods by rail, in its preliminary preparation for such shipment, to do what it had contracted with Walthall, its contractor, to do, load the cotton on the car. Volume 8, Texas Juris. p. 55, and cases cited. Defendants recognized such duty, and agreed with Walthall that he would perform that service for defendants for the consideration stated, 3 cents per bale for loading the cotton on the lower deck, and 5 cents per bale on the upper deck. No doubt defendants could make an effective contract with Walthall to perform such service. The concrete question presented, however, is, in the performance of such contract, Would Walthall, in placing the car for loading, and in loading the cotton on the car, be an employee of defendants, as to third parties?

As sustaining their contention defendants, in their brief, refer to Cunningham v.' International Railroad Co., 51 Tex. 503, 32 Am. Rep. 632; Stephenville, N. & S. T. Ry. Co. v. Couch, 56 Tex. Civ. App. 336, 121 S. W. 189; Ray. v. Ry. Co. (Tex. Civ. App.) 289 S. W. 1030; Crow v. McAdoo, Director General (Tex. Civ. App.) 219 S. W. 241; Kirby Lumber Co. v. McGilberry (Tex. Civ. App.) 205 S. W. 835; Lumbermen's Reciprocal Ass'n v. Carter (Tex. Civ. App.) 19 S.W.(2d) 346; St. Louis, I. M. & S. Ry. Co. v. Yonley (Ark.) 13 S. W. 333.

A brief review of the cases as above shows:

In the Cunningham Case, Douglas, Brown, Reynolds & Co. were independent railroad construction contractors, and were using one of defendant's trains for construction purposes upon a part of the road then under construction and not completed and delivered to the defendant company. While doing construction work, the train negligently ran over and killed a mule. The court held that the liability of the railroad was commensurate with the extent only of its right to control the work then being done. Stephenville, N. & S. T. Ry. Co. v. Couch Case was also a suit against the railway company for damages negligently caused by an independent railway contractor while constructing or repairing a certain portion of the railway company's road and not turned over to the railroad company. The opinion quotes from the Cunningham Case, and holds in effect that in the constructing of the roadbed by the Independent Railroad Construction Company there is not such a delegation of its charter rights as will render the railroad company liable for unauthorized wrongs committed by the contractor in the prosecution of the work.

The case of Ray v. Ry. Co. discusses the question of independent contractors, but does not discuss the direct question we are now considering and we think not in point. There the gravel pit was owned by the railroad company, and the gravel was not being loaded in the public service, and in hauling the gravel the company was not exercising any of its franchise or corporate powers or duties to the public. The same is true of the other cases referred to by defendants in their brief; they discuss the question of the facts necessary to constitute an independent contractor generally, but the questions discussed do not directly bear upon the question under consideration. Whether the duties of actually placing the freight cars upon defendant's loading track and loading thereon freight received by defendants for shipment are delegable duties as to third parties so as to relieve defendants of negligible acts of the one to whom such duties are delegated, whether that one is, as between the railroad company and the contractor, an independent contractor or not, we think, as between defendants and Walthall, such duties might properly be contracted. But we are viewing the contract from the point of a third party.

■ From our examination of the question presented, we have concluded that, defendants having received the cotton for shipment, and having indicated their intention to load the cotton on the car, and for that purpose had themselves contracted with Walthall to load the cotton on one of its cars, it then was the duty of defendants to load the cotton on the car pointed out by de-

fendants' agent to Walthall and/or McKinney. We have also concluded that, where the act of loading the cotton on the car has become the duty of the defendants, they cannot escape the responsibility of its performance by intrusting or contracting it to another. Houston & G. N. R. Co. v. Meador, 50 Tex. 87; Taylor, Bastrop & Houston Ry. Co. v. Warner, 88 Tex. 642, 32 S. W. 868, 870, in which the Supreme Court says: "The railroad company could not devolve upon another a duty imposed upon it by law, so as to exempt it from liability in case of a failure to perform that duty. Railway v. Meador, 50 Tex. 85."

In that case the Supreme Court was discussing a charge wherein it, in substance, charged the jury that it was the duty of the railroad company when intersecting or crossing a public highway to restore the highway to its former state or condition, etc., and where the railroad made the contention that the work on the highway was done or being done by independent contractors. Gulf, etc., R. Co. v. Doran, 2 Posey Unrep. Cas. 442; Gulf, etc., R. Co. v. Yell, 3 Willson, Civ. Cas. Ct. App. § 366. Corpus Juris, vol. 39, at pages 1336, 1337, states the general rule, and as being an exception to the general rule of nonliability of the contractee, to the effect that one on whom the law imposes a positive duty to the public or an individual cannot escape the responsibility of seeing that duty performed by delegating it to an independent contractor, and states that the rule applies with equal force whether the duty is imposed by common law or by statute, and refers to a number of cases from many jurisdictions as so holding, to which we refer without stating them here. From the cases in this state above referred to, our courts adhere to the general rule announced in Corpus Juris.

If we are not mistaken in holding that it was the duty of defendants to load the cotton then on the defendant's railroad platform for loading and shipment, under the circumstances stated, it would be immaterial whether Walthall was an independent contractor or not, since, under the rule announced in moving of the car for the purpose of loading the cotton thereon, his services in doing so would be in the service of defendants.

█ The court was not in error in refusing to give defendants' requested instruction in their favor. It was a proper issue to submit to the jury whether Alvin Scott, the minor, did or did not have the intelligence to appreciate the dangers of the situation in question, and the discretion and circumspection to avoid them as an ordinary adult person would have under the same or similar circumstances. The petition and the answer had expressly put the fact at issue. We think that, while defendants' requested charge No. 1 more concretely stated the facts

to be decided by the jury than issue No. 11 of the court's main charge, it was not reversible error to refuse to substitute the requested charge for the charge given.

Defendants submitted the following special charge: "Question 2: Do you find from the evidence that the plaintiff, Alvin Scott, was guilty of negligence in getting in front of the car that was being moved on the occasion in question and walking backwards and attempting to help move the car?"

The evidence shows that Alvin was in front of the car and walking backwards attempting to help move the car up to the platform, when his foot slipped and he was injured. The court's main charge nowhere submitted the direct question of contributory negligence of Alvin in going in front of the car as it was being moved, unless same was sufficiently submitted in question 11 of the main charge. The court refused to give the requested charge, and defendants assign error. Defendants, after pleading that Alvin had sufficient intelligence and discretion to avoid the danger, alleged: "His voluntary going upon defendants' track in front of said moving car was negligence on his part, and his injuries were proximately caused by such negligence and want of ordinary care." Alvin was 13 years of age in November, 1931. He was hurt on the 7th of January, in 1932. In Cook v. Houston Direct Nav. Co., 76 Tex. 353, 13 S. W. 475, 477, 18 Am. St. Rep. 52, it is said that, where the age of the minor is between 13 and 14, the question of capacity and intelligence should be left for the determination of the jury. The court then said: "Should this question be determined in the negative the right of recovery will still depend upon the further question whether she [the minor] was guilty of contributory negligence or not. If, considering her age and discretion, her act [stating it] was such as a similar person of ordinary prudence would not have done, she was guilty of such negligence as would preclude a recovery."

Question 11, submitted and answered in the affirmative, was as follows: "Do you find from a preponderance of the testimony that the said Alvin Scott exercised that degree of care and caution that a child of his age, intelligence and experience would have exercised under the same or similar circumstances?"

The objection made to the charge was that it was not such an affirmative presentation of the issue of contributory negligence as defendants were entitled to, and submitted special issue No. 2, above quoted, which was refused. Charge 11 did not specifically embrace in its statements that Alvin got in front of the car. That he got in front of the car, pulling the car when he fell, was not disputed but admitted in the evidence. Did issue 11 involve an affirmative finding by the jury as to whether or not Alvin was guilty

of negligence in getting in front of the car that was being moved on the occasion in question as submitted in special issue No. 2?

If Alvin, in going in front of the car, affirmatively exercised such degree of care and caution of a child of his age, intelligence, and experience, would have exercised to exempt him from negligence, and if the court, in submitting the issue, embraced all of the facts essential to a finding on the issue except the admitted facts of going in front of the car, we fail to see how, at the same time, under the same circumstances, and doing the same thing, and under the same evidence, he could be found negligent in submitting practically the same issues.

In considering question 11, the jury knew that Alvin went in front of the car when he fell. It is true, as suggested, that the court should submit all the issues made by the pleading, and submit them separately and distinctly. We think, however, that issues 1 and 11 sufficiently presented the defensive issue of negligence. The jury was not called upon to find whether Alvin voluntarily went upon the track in front of the moving car. The special charge embraced the statement that Alvin was "walking backward at the time he was injured." That he was walking backward was not assigned as negligence, and should not have been embraced in the special charge. Defendants refer us to several cases as sustaining their contention. We need not review them all.

In the case of Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534, plaintiff alleged that the boy while walking on the board sidewalk got his foot fastened between the planks and was unable to extricate it, and that the train negligently ran upon him and injured him. The defendant railroad company alleged an entirely different state of facts, in effect, that the boy was trespassing upon the railroad tracks and negligently took hold of the approaching or passing train, etc. Both theories were supported by evidence. The court said that the issue of unavoidable accident was raised by the evidence, and that issue had not been submitted, and that the requested special charge properly submitted both phases of the defense and should have been given.

In St. Louis S. W. Ry. Co. of Texas v. Casseday, 92 Tex. 525, 50 S. W. 125, the fact or group of facts alleged by Casseday as constituting the negligence charged are entirely different, separate, and distinct from the fact or group of facts charging negligence on the part of Casseday. The court, contrary to the statement of the Court of Civil Appeals that some of the facts had no support in the evidence, says that each group of facts had sufficient evidence to take it to the jury, and, so finding, said the requested charge should have been given.

In the Fox v. Dallas Hotel Co. Case, 111 Tex. 461, 240 S. W. 517, 522, Fox, the deceased, was using the hydraulic elevator in discharging his duties when the elevator became stuck when halfway down the shaft. Plaintiffs alleged that the defendant, hotel company, was negligent in permitting the elevator to become out of repair and dangerous; that, when Fox undertook to ascertain the defect in the elevator, it shot downward, etc., causing his injuries. The hotel company charged that the injuries to Fox were proximately caused by his own negligence, in that he needlessly placed his body in a position where he would be injured; that he failed to overcome the sticking by operating the elevator up and down; failed to lock it in position; that in working under the elevator he failed to get entirely under the pit. The court said the trial court disregarded the provisions of the statute in the charges given and refused in submitting contributory negligence; that each group of facts pleaded by defendant, standing alone, if proven, would constitute a defense, and should have been given. The court also said that, "in submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven." We have concluded that reversible error is not made to appear in refusing to give the special charge.

We have stated our view of the question of error in overruling defendants' motion to enter judgment in their favor non obstante veredicto on the grounds set up in the motion, in discussing the question of error in refusing defendants' requested peremptory instruction in their favor, and need not further discuss the fourth assignment.

Also our conclusion reached in discussing the first issue obviates the necessity of discussing the fifth assignment.

Finding no reversible error, the case is affirmed.